IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PHILLIP HOWARD LEHR, §
§
　　Plaintiff, §
§
VS. § CIVIL ACTION NO. **2-04CV- 14**
§
DUCKBOO INTERNATIONAL, CO., LTD. §
§
　　Defendant. §

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiffs Phillip Howard Lehr is an individual. He resides in and is a citizen of Dallas County, Richardson, Texas.

2. Duckboo International Co., Ltd. is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving (7B-36) 407-9 Moknae-Dong, Ansan-City, Gyonggi-Do, Korea through an international service company. The United States and Japan are both party to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, TIS#10072 (U.S. Treaties and other International Acts) and 20 UST 361 (U.S. Treaties and other International Agreements). Service in accordance with this international treaty is the exclusive method for serving documents in Korea.

**PLAINTIFF'S ORIGINAL COMPLAINT - PAGE 1**

## B. Jurisdiction

3. This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## C. Facts

4. On or about October 2, 2003, Phillip H. Lehr was driving his 1993 Ford Festive, (with VIN# KNJPT05N9P61398), traveling west on 816 Princeton Drive in Collin County, Princeton, Texas, when another vehicle pulled into his lane of traffic from a private driveway. Mr. Lehr attempted to stop but was unsuccessful and collided with the other vehicle.

5. At the time of the accident, was properly wearing his 2-point passive restraint system with lap belt. Mr. Lehr was seriously injured when the passive belt at the motorized mouse pulled loose at the webbing stitches. Due to the slack created in the belt, it was rendered useless.

## D. Cause Of Action as to Duckboo International Co., Ltd.

6. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its restraint system, such as occurred herein, would on occasion take place during the normal and ordinary use of said seat belt.

7. The injury occurred because the restraint system in question was not reasonably safe and was not reasonably fit for unintended, but clearly foreseeable accidents. The restraint system in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein in that the motorized mouse could pull free rendering the belt ineffective.

8. Defendant manufactured the restraint system in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts in that the

restraint system was unreasonably dangerous as manufactured because Defendant knew that the restraint system could unstitch and fail to properly restrain an occupant. Further, Defendant knew that the vehicle's webbing violated FMVSS 208 and 209 in the following respects:

    a. the webbing strength was inadequate;

    b. the stitch strength was inadequate;

    c. the stitches were prone to degrade;

    d. the restraint system failed to provide adequate protection;

    e. the restraint system failed to provide adequate torso restraint.

This defect is manufacturing related only as the webbing is typically compliant with FMVSS 208 and 209.

9. Defendant was negligent in the manufacture of the restraint system in question.

10. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiff's damages.

11. The foregoing acts and omissions of Defendant were a producing and/or proximate cause of Phillip Howard Lehr's injuries.

### E. **Damages to Plaintiff**

12. As a result of the acts and/or omissions of Defendant, Plaintiff Phillip H. Lehr has suffered extreme emotional distress and mental anguish in the past and, in all likelihood, will into the future.

13. As a result of the acts and/or omissions of Defendant, Plaintiff Phillip H. Lehr has suffered lost wages in the past and in all likelihood, will suffer diminished earning capacity into the future as a result of his injuries.

14. As a result of the acts and/or omissions of Defendant, Plaintiff has become obligated to pay necessary and reasonable medical expenses in the past and, in all likelihood, will into the future.

15. As a result of the acts and/or omissions of Defendant, Plaintiff Phillip H. Lehr will experience physical impairment and disfigurement as well as loss of enjoyment of life as a result of his injuries.

16. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries to Plaintiff has caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

17. For these reasons, Plaintiff asks for judgment against Defendant for:

   a. actual damages;
   b. prejudgment and post-judgment interest beginning October 2, 2003;
   c. costs of suit; and
   d. all other relief the court deems proper.

Respectfully submitted,

**TRACY & CARBOY**

_____
E. Todd Tracy
State Bar No. 20178650
5473 Blair Road, Suite 200
Dallas, Texas 75231
214/324-9000 Phone
972/387-2205 Fax
**ATTORNEY FOR PLAINTIFF**